# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ARCHIE MORRISON,

    Petitioner,

vs.

ROBERT HILDRETH, et al.,

    Respondents.

02:03-CV-00646-LRH (LRL)

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#16) to reopen case.

    Petitioner failed to comply with three Court orders to file a statement regarding additional claims, including an order specifically advising him that the action would be dismissed if he failed to comply with the Court's orders. See ## 2, 9 & 12.

    Accordingly, on March 23, 2004, judgment was entered dismissing the action without prejudice for noncompliance with the Court's orders. ## 13 & 14.

    One year and six months later, on or about September 22, 2005, petitioner mailed for filing the present motion to reopen proceedings. He maintains therein that he relied upon an inmate law clerk who charged him $400.00 for his services. Petitioner asserts that "[n]o reply was made to the court's order because the Law Clerk and Morrison did not know how to reply." #16, at 4. He further asserts in his unsworn submission that he was under the impression that the case was still pending until he after he sent a letter to the Clerk requesting a status check on the case in September 2005.

    Under Rule 60(b)(1) of the Federal Rules of Civil Procedure, the court may relieve a party from

a final judgment for mistake, inadvertence, surprise or excusable neglect. However, under the Rule, a motion for relief on this basis must be filed not more than one year after the judgment was entered. The present motion – filed a year-and-a-half after entry of judgment – therefore is untimely.

Further, even if the motion were timely, the Court does not find that petitioner has demonstrated such mistake, inadvertence, surprise or excusable neglect as would warrant post-judgment relief. The Court's orders were clear and the Court further plainly put petitioner on notice that the matter would be dismissed if he failed to respond. Petitioner's assertion that he and the inmate law clerk did not know how to reply strains credulity. Such an assertion further does not state a valid reason for failing to file any response whatsoever to the Court's multiple orders, even one saying that petitioner did not understand how to reply, particularly after being advised that the matter would be dismissed if a response were not filed. In short, nothing in petitioner's motion reflects such mistake, inadvertence, surprise or excusable neglect as would support a timely Rule 60(b) motion for relief from judgment.

The Court expresses no opinion as to whether the circumstances alleged by petitioner regarding payment for inmate law clerk services establish a major violation of the Code of Penal Discipline for the Nevada state prisons.[1]

IT THEREFORE IS ORDERED that petitioner's motion (#16) to reopen case is DENIED. This matter has been and remains closed.

DATED this 3rd day of January, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[1] Under the Code, in Section 707.05, Paragraph 1.5 of the Administrative Regulations of the Nevada Department of Corrections, Major Violation MJ29 is committed by "[c]harging a fee or favors for services as a counsel-substitute, legal assistant or 'writ writer.'"